IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHONG SU YI, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. PWG-16-2320 |
| MONTGOMERY COUNTY DEPARTMENT OF TRANSPORTATION, | * | |
| Defendant | * | |
| | *** | |

## MEMORANDUM OPINION

The above-captioned Complaint was filed together with a Motion to Proceed in Forma Pauperis. ECF No. 2. Because Plaintiff appears to be indigent, the motion shall be granted.

The Complaint characterizes the facts and arguments in this case as:

Plaintiff drives vehicle and has received numerous citation via driving above posted speed limit; in moving violation; these are done by WWW; world wide web; or commonly known as Over IP; internet protocol; which has two components; hardware and software;

Hardware is substantive tangible; hard at touch; software is defined as because it is 'not hardware' therefore software; and software is always a program or its variant; program is akin to stacking of Lego block; in embodiment of task; which is closed loop; no program is open loop; all programs are closed loop; except program has million color few in Lego blocks;

Hardware is what a programmer rely on to bring software to final tangible substantive result; whether from printed hard copy or displayed on screen; via user interface; i.e. typically keyboard, touch screen; if this is not met; then it does not meet hardware quantification.

When a programmer write a program; for tangible output; usually via user interface; it's always self contained environment; when it goes outside; its via communication channel; wire or wireless; and these could traverse private land or public land; and is outside of native environment; between two native environment interaction; or via interface; i.e. wire, or wireless; which makes three systems; one originator one destination interaction between the two;

Simplest way to explain Lego block approach is; use Lego block to build a Lego dominos; to form an image; after it has fallen; If image is dinner table; and there

are anticipated 4 guests; programmer must anticipate all the needs for 4 guests; utensils napkins seats etc.; all must be present; and not missing when time to use it; having to terminate operation; called crash; freeze; of computer; The difference between programmer and software developer is elegance; because in elegance is intelligence; i.e. program ipso facto in the prior ordo cogniscendi;

In WWW the signal goes from originator to destination which could be separated by feet to miles to several states even continents; distance becomes immaterial; due to switches and routers; to let destination computer to draw domino image; for this to happen there has to be a handshake; recognition; then two distinctively separate hardware could have free flow of information as oil pipe or gas pipe may;

To achieve this; the system; i.e. both hardware at originator and destination; is called a system; or virtual system; since the moment task is ended the hand shake ends and there is termination; via HTTP; Hypertext Transfer Protocol; was invented because a scientist did not want to walk down the hall to office; from his office; daily having to hand over piece of paper; which File Transfer Protocol; ftp//; is not designed to do; and Plaintiff owns invention of ftp//, http// in over IP; includes via Terminal; and entire ftp//naming in alphanumeric;

So he invented http//; which is akin to frog unfurling tongue and catching a fly to its mouth; and action of tongue is called hyperlink; what causes it is 'tripping of circuit breaker'; in computer terminology its called 'flag'; because flag goes up and comes down; So all it does is from massive amount of data; i.e. encyclopedia; needs ftp//; takes one paragraph by marking it and retrieving it; is called http//; is now known as WWW;

To reach from origination hardware to destination hardware; there are numerous switches and routers; which flow of information; common denominator is called packet; similar to grains of sand being poured to mold; to produce output; or assemble, is molded sand castle; and these switches and routers often belong to other jurisdiction outside of original self contained jurisdiction; or native environment; Each grain of sand is not tagged; as each grain passes through each router or switches; to authenticate these has passed through outside of native environment; similar to stamp on passport; of each nation visit; yet these data traverses private and public land without court order; to reach destination; and or arrive at origination hardware; Under this environment; Montgomery County Department of Transportation has used video which could traverse numerous private public land; to arrive at photograph or video; to produce violation image; and these in and out of signals were not authenticated each time it traversed from one to next; even 100s or 1000s changes; problem here is 'chain of evidence' is not established; any evidence changes hand so many times and does not have chain of evidence; properly established; or court's order or court's warrant allowing it; cannot be admitted as evidence in court of law;

Comp. ¶ 4, ECF 1.

Plaintiff seeks damages in the amount of $580,750,000. *Id.* ¶ 8.

This Complaint is filed under 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in federal court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires a court to dismiss any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). In this context, this Court is mindful of its obligation to liberally construe the pleadings of *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a *pro se* complaint, a plaintiff's allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir.1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985) (stating a district court may not "conjure up questions never squarely presented"). In making this determination, "[t]he district court need not look beyond the complaint's allegations.... It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F.2d 721, 722–23 (4th Cir. 1989).

Plaintiff has not provided any information that might lead to a reasonable conclusion that some plausible cause of action has accrued on his behalf based on the speeding tickets he received. A separate Order follows dismissing this case.

_August 29, 2016_
Date

_____
Paul W. Grimm
United States District Judge